**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Oct 07 2013, 6:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARIE CASTNER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1302-CR-44 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese M. Flowers, Master Commissioner[1]
Cause No. 49F19-1210-CM-68744

**October 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

---

[1] The chronological case summary, the abstract of judgment, and the cover page of the transcript list Master Commissioner Flowers as the presiding judicial officer, but the first and second pages of the transcript indicate that Judge Rebekah Pierson-Treacy presided at trial.

Marie Castner appeals her conviction for class A misdemeanor battery, claiming that she hit the victim in self-defense. We affirm.

The facts most favorable to the trial court's judgment are that on October 3, 2012, Ashley Lewis had recently broken up with her boyfriend, who is Castner's brother. Lewis and Castner had several heated telephone conversations. Lewis went to look for her ex-boyfriend and was walking through the parking lot of an Indianapolis convenience store when a car pulled up and Castner got out. Castner walked up to Lewis and cursed at her, and Lewis cursed at Castner. Castner punched Lewis's forehead and lip, causing swelling and redness and pain. Lewis called the police, and Officer Jeffrey Terry arrived. According to Officer Terry, Lewis told him that Castner had hit her, and Castner admitted that she had struck Lewis "twice with her fist" and "shouldn't have done what she did." Tr. at 27.

The State charged Lewis with class A misdemeanor battery. At the bench trial, Castner claimed that she "pushed" Lewis away because it "bothered [her] that [Lewis has] got hepatitis and she's spitting that close to my face and my eyes are open and my mouth, you know." *Id*. at 50. She further testified, "That's when [Lewis] came back in my face again and I blacked out. Obviously that's when I hit her." *Id*. at 52-53. When asked if she hit Lewis because she was angry, Castner replied, "I wasn't angry, I don't even remember hittin' her." *Id*. at 53. The trial court found Castner guilty as charged.

On appeal, Castner concedes that she battered Lewis but claims that she did so "in trying to protect herself from a serious disease which would have life changing consequences." Appellant's Br. at 7. According to Castner's own testimony, she may have

2

pushed Lewis away because she was concerned about hepatitis, but she offered no justification for hitting her. Her self-defense claim is meritless, and therefore we affirm her conviction.

Affirmed.

BARNES, J., and PYLE, J., concur.